their assignees for the same premises, under the circumstances then existing, may have been entirely consistent with the exercise of a proper discretion. But whether so or not, neither the exercise of official discretion nor a practice contrary to public policy can form the basis of a contract right.

It is manifest, therefore, that not only the alleged right which forms the basis of this suit never existed, but that the contract, so far as it rested on the invalid provisions of the ordinance, was void as against the statute (*Penn v. Bornman,* 102 Ill. 523), and gave no cause of action (*Bishop v. American Preservers' Co.,* 157 Ill. 284; *Ellison v. Adams Exp. Co.,* 245 Ill. 410; *McMullen v. Hoffman,* 174 U. S. 639). As said in the *Bishop* case, *supra:* "The general rule of law is that a contract made in violation of a statute is void, and that when a plaintiff cannot establish his cause of action without relying upon an illegal contract, he cannot recover."

As plaintiff cannot recover in law, defendant's motion for a directed verdict should have been, granted, and the judgment will be reversed.

*Reversed.*

---

## Assets Adjustment Company, Appellant, v. John P. O'Brien, Appellee.

### Gen. No. 20,903.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Assets Adjustment Company, a corporation, against John P. O'Brien. The declaration was upon an assignment of wages made to secure two cer-

tain notes described therein. It averred that the plaintiff corporation acquired title to said notes in due course of business; that to secure them one of the makers thereof, then in the employ of the defendant, O'Brien, executed an assignment of his salary in writing, of which O'Brien was duly notified, and that said maker of the note had since such notification, while in the employ of said defendant, earned a sum in excess of the amount due on said notes. From a judgment sustaining a demurrer to the declaration, and dismissing the suit, plaintiff appeals.

JULIAN C. RYER, for appellant.

DANIEL P. TRUDE and T. J. LAWLESS, for appellee; M. MARSO, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

ASSIGNMENTS, § 33*—*when declaration demurrable.* A declaration upon an assignment of wages to secure two notes, which fails to allege that the notes remain unpaid or that there was any demand for their payment, that the wages were due and payable at the time of commencement of suit, or that plaintiff is the actual bona fide owner thereof as required by section 18 of the Practice Act (J. & A. ¶ 8555), is demurrable.

E. H. Johnson, Trustee, Appellee, v. Abraham M. Goldberg et al., trading as A. M. Goldberg & Brothers, Appellants.

Gen. No. 20,915. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 5, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.